UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAUREEN M. RYAN, TRUSTEE Chapter 11 Trustee of the Estate of Raymark Industries, Inc., | LEAD CASE NO: 3:00CV1854 |
| Plaintiff, | |
| v. | |
| SULLIVAN, HILL, LEWIN, REZ, ENGEL AND LABAZZO, et al., | |
| Defendants. | |

### ORDER

On May 11, 2005, this court issued an order to show cause why the cases consolidated under the above-captioned case should not be referred to the United States Bankruptcy Court for the District of Connecticut. This court vacated the reference in the above-captioned matter on September 27, 2000 upon defendants' motion. Upon review of the parties submissions in response to the court's order to show cause, these cases are referred back to the Bankruptcy Court.

The most expeditious way to obtain a final resolution of these claims is in the Bankruptcy Court. The primary impetus for vacating the reference to the Bankruptcy Court was the relation of these claims to those asserted in Ryan v. Smith, et al., No. 3:99CV284(DJS) (D. Conn.), which was assigned to the undersigned's docket. Ryan v. Smith settled in 2001, and this

court, at the request of the parties, has addressed certain issues in this case related thereto. The remaining claims in this case are routine core proceedings arising under the Bankruptcy Code, and this court's decisions on the parties' motions have narrowed the issues to be resolved to those germane to the Bankruptcy Code. There is still a substantial amount of work to be done prior to the trial of these claims, and the Bankruptcy Court is better suited to manage pretrial proceedings involving core Bankruptcy Code claims. The Bankruptcy Court is also better suited to brokering a settlement of the remaining claims. Therefore, the interests of judicial economy and expeditious administration of the parties' claims are best served in Bankruptcy Court.

The parties' objections do not convince the court otherwise. The fact that some parties may have a right to a jury trial on some claims does not detract from the conclusion that the Bankruptcy Court is in the best position to expeditiously handle pretrial proceedings. If a party does have a right to a jury trial, this right may be preserved by moving to vacate the reference at the conclusion of all other relevant proceedings. Also, the fact that a reference to the Bankruptcy Court at this juncture may complicate future appeals of both this court and the Bankruptcy Court's rulings, does not weigh heavily in this court's decision. No party has filed an appeal yet, and the

court cannot base its decision on the mere potential for filing appeals. Moreover, no party suggests that it would lose the right to appeal altogether if these cases are referred to the Bankruptcy Court.

Therefore, in the interests of judicial economy and expeditious resolution of the parties' remaining claims, these cases are **REFERRED** to the United States Bankruptcy Court for the District of Connecticut. The Clerk of the Court shall close the above-captioned file. An order shall issue herewith in each of the cases consolidated under the above-captioned case.

So ordered this 23rd day of June, 2005.

/s/DJS
―――――――――――――――――
DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE